25-2380-cv
Tufamerica Inc. v. Universal Music Publ'g, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-six.

PRESENT: RAYMOND J. LOHIER, JR.,
*Chief Judge*,
BARRINGTON D. PARKER,
MYRNA PÉREZ,
*Circuit Judges*.

-----------------------------------------------------------------

TUFAMERICA INC., DBA TUFF CITY RECORDS,

*Plaintiff-Appellant*,

v. No. 25-2380-cv

SONGS OF UNIVERSAL, INC.,

*Defendant-Appellee*,

UNIVERSAL MUSIC PUBLISHING, INC.,

*Defendant*.

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | HILLEL I. PARNESS, Parness Law Firm, PLLC, New York, NY |
| FOR DEFENDANT-APPELLEE: | JOELLE A. MILOV (Richard S. Mandel, *on the brief*), Cowan, Liebowitz & Latman, P.C., New York, NY |

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (Dale E. Ho, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and orders of the District Court are AFFIRMED.

TufAmerica Inc., d/b/a Tuff City Records ("TufAmerica") appeals from the judgment and orders of the United States District Court for the Southern District of New York (Ho, *J.*) dismissing its Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), denying as moot its motion to seal, and granting, as relevant to this appeal, three motions to seal—the first filed by Defendant Universal Music Publishing, Inc., and the second and third filed by Defendant Songs of Universal, Inc. ("Songs").[1] We assume the parties'

[1] The parties stipulated to replacing Universal Music Publishing, Inc. with Songs "in all respects in the caption and complaint." D. Ct. Dkt. No. 34.

familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This appeal arises out of a copyright dispute between TufAmerica, the holder of copyrights in the musical composition and sound recording of a song entitled "Impeach the President," and Songs, the publisher of a musical composition for a song entitled "Real Love." The District Court granted Songs's motion to dismiss on the ground that "Impeach the President" and "Real Love" are not substantially similar as a matter of law. On appeal, TufAmerica principally argues that the District Court erred by applying an incorrect legal standard for determining whether "Real Love" was substantially similar to "Impeach the President" and concluding that TufAmerica failed to plausibly allege copyright infringement of the musical composition.[2] TufAmerica also contends that the District Court erred in denying its motion to seal, granting the Defendants' motions to seal, and denying TufAmerica leave to replead.

[2] TufAmerica does not contest the District Court's dismissal of its claims for declaratory judgment and injunctive relief. TufAmerica has therefore abandoned these claims. *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012).

## I. Substantial Similarity

"We review *de novo* a district court's dismissal of a complaint for failure to state a claim" and its determination of substantial similarity. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61, 65–66 (2d Cir. 2010). To establish a claim of copyright infringement, the plaintiff must show "that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Id.* at 63 (quotation marks omitted). Songs does not dispute that actual copying occurred. We therefore assume, as the District Court did, that the first element is satisfied. *See id.* Presuming actual copying, courts may determine substantial similarity on a motion to dismiss because "no discovery or fact-finding is typically necessary" where "only a visual [or aural] comparison of the works" is required. *Id.* at 64 (quotation marks omitted).

"The standard test for substantial similarity between two items is whether an ordinary observer,"—here, a listener—"unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic

appeal as the same." *Id.* at 66 (quotation marks omitted).[3] When a work contains both protectible and unprotectible elements, we must "apply a more discerning observer test, which requires substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quotation marks omitted). "No matter which test we apply," we have cautioned courts not "to dissect the works into their separate components, and compare only [the copyrightable] elements," but rather to be "guided by comparing the . . . total concept and overall feel" of the contested works. *Gaito*, 602 F.3d at 66 (citation modified).

Even assuming that the percussive elements TufAmerica identifies are protectible, the alleged likenesses between "Impeach the President" and "Real Love" do not establish substantial similarity. Our Court has reasoned that "all creative works draw on the common wellspring that is the public domain," and

---

[3] Insofar as TufAmerica argues on appeal that the District Court should have applied another substantial similarity test, TufAmerica forfeited this argument by failing to raise it before the District Court in its opposition to the motion to dismiss. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 n.3 (2d Cir. 2001) (concluding that the defendant forfeited its argument "that the district court should have applied a more demanding 'discerning ordinary observer test,' . . . . by not objecting to the jury instructions").

so "even works which express enough originality to be protected also contain material that is not original, and hence that may be freely used by other designers." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 132 (2d Cir. 2003). "[B]asic musical building blocks like notes, rhythms, and chords are generally not copyrightable." *Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1079 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025).

TufAmerica's Amended Complaint alleges that "Real Love" incorporated the relevant drum sounds and compositional elements of a 1987 hip-hop track entitled "Top Billin'," which had in turn sampled them from "Impeach the President." App'x 20–21, ¶¶ 13–21. The alleged chain of sampling does not plausibly establish, however, that "Real Love" appropriated substantially similar protectible expression. While "Impeach the President" and "Real Love" share certain percussive elements, other elements are notably different, such as open versus closed hi-hats and distinct snare and kick drum rhythms. Recognizing that "music borrows, and must necessarily borrow, and use much which was well known and used before," *Sheeran*, 120 F.4th at 1078–79 (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994)), we have noted that similarity in

some rhythmic elements alone is legally insufficient for a copyright infringement claim, *see id.* at 1080.

The songs' "total concept and overall feel" reinforce the conclusion that the works at issue are not substantially similar. *Gaito*, 602 F.3d at 66 (quotation marks omitted). Applying "our good [ears] and common sense," we conclude that the works as a whole are distinct. *Id.* (quotation marks omitted). The songs differ in their lyrics, melody, genre, subject matter, and overall sound. As the District Court observed, "Impeach the President," the original work, "is a protest song from the 1970s that fits squarely within the soul/funk genre," whereas "Real Love," the allegedly infringing work, "is a hip-hop soul song about heartbreak, not politics." App'x 203. "Impeach the President" is sung by a male group, incorporates a call-and-response technique, and features horns and guitars; "Real Love" is sung by a woman and is driven by piano and percussion. Considering both the alleged percussive overlap and the works as a whole, we conclude that the District Court properly dismissed TufAmerica's claim of copyright infringement of the musical composition.[4]

---

[4] To the extent that TufAmerica argues that its copyright to the sound recording of "Impeach the President" defines or expands the scope of its copyright in the musical composition, we need not resolve that question. TufAmerica's Amended Complaint

## II. Motions to Seal

TufAmerica argues that the District Court erred in (1) granting the Defendants' motions to seal a settlement agreement—including portions copied into TufAmerica's filings—between TufAmerica and a non-party corporate affiliate of Songs, and (2) denying as moot TufAmerica's motion to seal fewer portions of that agreement. We review a district court's decision to grant or deny a motion to seal for abuse of discretion. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). The findings of fact on which a district court bases its decision are reviewed for clear error, and its legal conclusions are reviewed *de novo*. *Id.* A "presumption of immediate public access attaches [to certain judicial documents] under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006); *see also Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013). That "presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126.

---

alleges only infringement of the musical composition for "Impeach the President," and we conclude that the composition for "Real Love" is not substantially similar to that work. We therefore express no view on whether the two copyrights afford coextensive protection.

We agree with Songs that TufAmerica forfeited its challenge to the Defendants' motions to seal by failing to oppose those motions before the District Court. Although TufAmerica purported to "reserve[] the right to respond to" Songs's December 3, 2024 motion, it failed to do so. D. Ct. Dkt. No. 60 at 2 n.2. As for TufAmerica's motion to seal, we conclude that the District Court acted within its discretion in denying that motion as moot because it concerned the same settlement agreement that had thrice been subject to sealing without opposition.

## III. Denial of Leave to Replead

TufAmerica next argues that the District Court erred in dismissing the Amended Complaint without leave to replead on grounds of futility. While we generally review a district court's decision to deny leave to amend for abuse of discretion, we review *de novo* a denial of leave to amend based on futility. *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

TufAmerica failed to demonstrate that a second amended complaint could adequately plead a copyright infringement claim and thereby "cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505

(2d Cir. 2014). We therefore affirm the District Court's denial of TufAmerica's request to further amend the Amended Complaint.

## CONCLUSION

We have considered TufAmerica's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court